IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JARVIS HAMPTON                                                                                    PLAINTIFF

VS                                                            CIVIL ACTION NO.: 3:17cv300-CWR-FKB

BILLIE [sic] SOLLIE                                                                              DEFENDANT

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Billy Sollie, through counsel, and files this his Answer and Defenses to Plaintiff's Complaint [ECF No. 1] as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendant and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiff's claims in this action are barred by the Plaintiff's failure to exhaust administrative remedies.

**THIRD DEFENSE**

No act or omission on the part of the defendant and no condition complained of amounts to punishment of Plaintiff or amounts to cruel and inhuman punishment of Plaintiff.

**FOURTH DEFENSE**

At all times, the defendant acted in good faith and pursuant to a reasonable penalogical, judicial, quasi-judicial, or law enforcement interest toward Plaintiff and his confinement; the defendant is, therefore, immune from suit.

**FIFTH DEFENSE**

At most, Plaintiff's claims are allegations of simple negligence on the part of the Defendant which do not give rise to a claim under 42 U.S.C. § 1983.

**SIXTH DEFENSE**

At no time did the Defendant act with deliberate indifference to any right guaranteed Plaintiff by the United States Constitution.

**SEVENTH DEFENSE**

While incarcerated in the Lauderdale County Detention Facility, Plaintiff received constitutionally adequate medical care.

**EIGHTH DEFENSE**

The Defendant may not be held vicariously liable for any alleged act or omission of any other defendant or person under the circumstances in which Plaintiff's allegations are based.

**NINTH DEFENSE**

To the extent that the Plaintiff seeks to assert state law claims in this case, which is denied, the Defendant is entitled to all rights, immunities and privileges contained in the Mississippi Tort Claims Act which is found at § 11-46-1, *et. seq*. of the Mississippi Code, including, but not limited to, all exemptions from liability set forth in said Act, the notice of claim requirement set forth in said Act, the limitations on liability set forth in said Act, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

**TENTH DEFENSE**

The Defendant is entitled to and does hereby claim qualified immunity under the facts and circumstances of this case.

**ELEVENTH DEFENSE**

The Defendant herein cannot be held liable under the doctrine of respondeat superior.

## TWELFTH DEFENSE

At all times, the Defendant's actions, if any, were in compliance with and in furtherance of compelling state interests and proper correctional procedures.

## THIRTEENTH DEFENSE

Plaintiff, through his Complaint, is subject to the provisions of 28 USC § 1915.

## FOURTEENTH DEFENSE

Plaintiff, through his Complaint, is subject to the provisions of 18 USC § 3626, including restrictions, limitations and penalties therein.

## FIFTEENTH DEFENSE

It is denied that the Plaintiff was deprived of any right or privilege guaranteed to him under the Constitution and Laws of the United States, including but not limited to the Eighth Amendment or Fourteenth Amendment to such Constitution and 42 U.S.C. § 1983, or under the Constitution and Laws of the State of Mississippi, as a result of any act of the Defendant. Therefore, each and every allegation of the Complaint to the contrary is denied.

## SIXTEENTH DEFENSE

The Plaintiff, by and through his complaint and/or previous complaints, is subject to the provisions of Mississippi Code § 47-5-138.

## SEVENTEENTH DEFENSE

At all times, the Plaintiff has been provided care, custody and security which was, at a minimum, adequate under the standards of the Constitution of the United States, to include the Eighth and Fourteenth Amendments, as well as the Constitution and Laws of the State of Mississippi.

### EIGHTEENTH DEFENSE

In the alternative, the Defendant is entitled to, and does plead, the defense of good faith immunity.

### NINETEENTH DEFENSE

In the alternative, the Defendant pleads all applicable provisions of the Prison Litigation Reform Act in bar of plaintiff's claims, or as a limitation of liability (which is denied) regarding such claims.

### TWENTIETH DEFENSE

This Defendant alleges that if Plaintiff suffered any injury, which is denied, the same was *de minimus* and Plaintiff's claim must be dismissed.

### TWENTY FIRST DEFENSE

The Defendant now answers, paragraph by paragraph, the allegations of Plaintiff's Complaint (ECF No. 1) filed as follows:

### GENERAL INFORMATION

A-F.    Admitted.

### PARTIES

I.    It is admitted that the Plaintiff is a detainee housed in the Lauderdale County Detention Facility ("the Facility").

II.    It is admitted that the responding defendant herein is Billy Sollie, the duly elected Sheriff of Lauderdale County, Mississippi.  It is further admitted that the responding Defendant herein may be served with process at 2001 5th Street, Meridian, MS 39301.  Otherwise, the allegations of paragraph II are denied.  The Defendant specifically denies that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached by the

Defendant.

## OTHER LAWSUITS FILED BY PLAINTIFF

A-B.    Denied.

## STATEMENT OF CLAIM

III.    The allegations contained in Paragraph III are denied to the extent that the Plaintiff seeks to impose liability upon the Defendant; more particularly, the Defendant responds, subparagraph by subparagraph, to the Plaintiff's allegations as follows:

1.   Denied.

2.   Denied.

3.   Denied.

4.   Denied.

The Defendant further responds, sub-paragraph by sub-paragraph, to the Attachment bearing the heading "Statement of Claim" on page 5 of 5 of the Complaint, as follows:

The Plaintiff's allegations in the initial unnumbered Complaint are denied, except that the Defendant admits that the Plaintiff has been housed as a pretrial detainee in the Facility.

1.   Denied.

2.   Denied.

3.   Denied.

4.   Denied.

5    Denied.

6.   Denied.

7.   Denied.

8.   Denied.

The Plaintiff's allegations in the unnumbered paragraph on the bottom of page 5 of 5 of the Complaint are denied.

Further, the Defendant denies that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached by the Defendant.

**RELIEF**

IV. The allegations contained in Paragraph IV, including all sub-paragraphs thereof, of the Complaint are denied. Further, the Defendant denies that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

**TWENTY SECOND DEFENSE**

The Defendant now responds, paragraph by paragraph, to the allegations of the Plaintiff's Response to Order (Document No. 12 which is referred to in this 22nd Defense as "Response") to the extent that the Court deems such Response to constitute an amendment to Plaintiff's Complaint, as follows:

The Defendant denies each and every allegation in the Response including in any paragraph, or any subparagraph, or any attachment to the Response upon which the Plaintiff seeks to impose liability on him. The Defendant also affirmatively denies that he breached any duty to the Plaintiff. Further, the Defendant affirmatively denies that he deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.

Further, the Defendant denies the Plaintiff is entitled to any relief whatsoever, including, but not limited to, that requested in his "Response" [ECF No. 12].

**TWENTY THIRD DEFENSE**

Alternatively, Plaintiff failed to mitigate his alleged injuries, and his injuries and damages,

respectively, if any, would not have occurred, or have been as severe, had Plaintiff mitigated such alleged damages.

### TWENTY FOURTH DEFENSE

Alternatively, the actions of others over whom this Defendant has no control and for whose acts and omissions this Defendant is not responsible, combined to constitute the sole proximate cause or a contributing cause of the incident referred to the Complaint, which is denied, and any alleged injuries suffered by Plaintiff.

### TWENTY FIFTH DEFENSE

Alternatively, the incident(s) in question and any alleged injuries resulted from the acts or omissions of persons or entities other than this Defendant for which this Defendant is in no way responsible or liable.  Alternatively, said acts or omissions of persons or entities other than this Defendant constitutes an independent, superseding cause for which this Defendant is in no way responsible or liable.

### TWENTY SIXTH DEFENSE

The Defendant may not be held vicariously liable for any alleged act or omission of any person under the circumstances in which Plaintiff's allegations are based.

### TWENTY SEVENTH DEFENSE

In the alternative, Defendant affirmatively asserts that the Plaintiff's claims are barred in whole or in part by contributory negligence and/or comparative fault.

### TWENTY EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statue of limitations.

### TWENTY NINTH DEFENSE

In the alternative, Plaintiff's claims, or some of them, should be denied as moot.

**THIRTIETH DEFENSE**

In the alternative, Plaintiff's claims, or some of them, should be denied for lack of standing.

**THIRTY FIRST DEFENSE**

The Plaintiff's claims, or some of them, are barred by the doctrine of res judicata; the Plaintiff's Complaint should therefore be dismissed.

**THIRTY SECOND DEFENSE**

The Plaintiff's claims, or some of them, are barred by the doctrine of collateral estoppel; the Plaintiff's Complaint should therefore be dismissed.

**THIRTY THIRD DEFENSE**

The facts not having been fully developed, the Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action:  accord and satisfaction, arbitration and award, assumption of risk, failure to mitigate damages, contributory negligence, statute of limitations, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, payment, release, injury by fellow servant, res judicata, equitable estoppel, judicial estoppel, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice, absolute immunity, qualified immunity, or any other matter constituting an avoidance or affirmative defense.

NOW, having fully answered the allegations of Plaintiff's Complaint and having set forth his defenses thereto, the Defendant moves this Court to dismiss the Plaintiff's Complaint with prejudice at Plaintiff's cost and for the assessment of a "strike" in accordance with the Prison Litigation Reform Act.

This the 8th day of January, 2018.

Respectfully submitted,

**BILLY SOLLIE**, **DEFENDANT**

BY:  */s/ Lee Thaggard*
LEE THAGGARD (MSB #9442)
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
(601) 693-2393
Email: thaggard@btmblaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

None

and I hereby certify that on this date, I served by first class mail, postage prepaid, a true and correct copy of the foregoing document to the following non-ECF participant:

Jarvis Hampton
Lauderdale County Detention Facility
2001 5th Street
Meridian, MS 39301

THIS the 8th day of January, 2018

*/s/ Lee Thaggard*
LeeThaggard